Deaderick, J.,
delivered the opinion of the court.
At the September Term, 1862, of the County Court of Anderson county, Martha G. Johnson was appointed guardian of her four minor children, who are the complainants in this cause.
She executed bond in the usual form in the penalty of $2,200, bearing date 1st day of September, 1862, with defendants Calvin Johnson and "William Cross as her sureties, and was duly qualified as guardian.
*241 The records of the County Court of Anderson county show the foregoing facts.
There also appears to have been executed on the 3d of November, 1862, another bond similar and indeed almost indentical in its provisions with the bond of 1st of September. The differences are that the last named bond is in the penalty of $2,000 instead of $2,200, and is signed by Martha Johnson, and E. C. Scaibrough and W. W. Talley as her sureties.
The record of the County Court makes no mention of this last named bond, which the clerk certifies to be a true copy as appears of record in his office.
As guardian, Martha G. received on the first of September, 1862, the day of her appointment, from Calvin Johnson, the executor of her deceased husband, the sum of $1,086.12.
This sum she has failed' to account for. The evidence satisfactorily shows that she has applied it to her personal uses, and is now wholly unable to refund it. It is insisted that she should have credit for the maintenance and support of the complainants, but from the proof in the case it is manifest that she has not contributed to their support since her appointment as guardian, nor does it appear that they have been a charge upon her at any time since the death of their father.
The County Court record shows that Calvin Johnson and ¥m. Cross, the sureties on the bond, are liable for the failure of their principal faithfully to discharge her trust, unless released by the execution of the bond with new sureties on the 3d of No *242 vember, 1862. Section 3672 of tbe Code authorizes a surety of a guardian who desires to be released to file his petition in writing in the County Court. By s. 3673, upon notice of such petition the County Court will compel the principal to give other security. By s. 3675, upon public or private application of any surety, if the principal consents to give a new bond with satisfactory security, it may be taken without further proceedings with the same effect as if executed upon order.
A surety may be released upon petition and notice, or by consent of the principal he may apply to the court without petition or notice, to be released upon the execution of a new bond with satisfactory security.
But in order to his release, the record of the County Court should show that the application by the surety had been made in one of the two modes designated by the statute, and that the new bond with satisfactory security had been executed and accepted.
In the case of Hickerson v. Price, 2 Heis., 623, which was a proceeding to release the sureties of a clerk and master, the court say, “this being a summary proceeding, every fact necessary to confer jurisdiction should be recited in the decree or judgment accepting the new and exonerating the original sureties.”
In this case we have no order nor judgment of the court accepting the new or exonerating the original sureties; no order nor other recital to show that the sureties in the original bond made application to be released, or that the new bond and new sureties *243 were satisfactory to or accepted by the County Court.
Under these circumstances we hold the original sureties were not released, nor are the sureties in the last bond liable, there being no order of the County Court releasing the sureties of the first bond, nor accepting the bond of November 3, 1862.
The fund was used by the guardian to pay for negroes she had purchased at a time when she supposed she could repay the amount used, but the events of the late civil war put it out of her power to refund it. She received the money while the war was flagrant, its investment in negroes was unfortunate and unauthorized, but ■ as we do not see that any fraud was intended, we do not think it a proper case for the allowance of compound interest.
The decree of the Chancellor will be modified, and a decree will be rendered here against the guardian and Johnson and Cross, her sureties, for $1,086.12, with simple interest thereon from September 1, 1862.